

# In the United States Court of Federal Claims

No. 14-569 C
Filed: November 19, 2014

FILED
NOV 1 9 2014
U.S. COURT OF
FEDERAL CLAIMS

*******************************************
\*
\*
SOLOMON UPSHAW,                      \*    Jurisdiction;
                                     \*    Motion To Dismiss;
    Plaintiff, *pro se*,          \*    RCFC 12(b)(1);
                                     \*    RCFC 12(b)(6);
v.                                   \*    *Pro se*.
                                     \*
THE UNITED STATES,                   \*
                                     \*
    Defendant.                    \*
                                     \*
                                     \*
*******************************************

### MEMORANDUM OPINION AND FINAL ORDER

**I.  RELEVANT FACTUAL BACKGROUND.[1]**

On December 10, 2013, the United States Department of Transportation Federal Motor Carrier Safety Administration ("Administration") sent U Transport Logistics Ltd. a Decision of Revocation of Authority that revoked its registration for failing to comply with the terms of a November 7, 2013 Decision. *See* Exhibit to Complaint ("Compl.").

On June 19, 2014, the Administration sent U Transport Corp.[2] a Notice of Investigation to advise the company it was under investigation for failing to obtain bodily injury and property damage liability insurance. *See* Exhibit to Compl.

---

[1] The relevant facts were derived from Plaintiff's July 7, 2014 Complaint and exhibits attached thereto, and September 29, 2014 Amended Complaint and exhibits attached thereto. Because Plaintiff does not paginate or otherwise mark Exhibits, the court will describe the relevant documents in the text of this Opinion.

[2] Plaintiff does not specify whether U Transport Corp. is related to U Transport Logistics Ltd., or how Plaintiff is related to either entity. However, whether or not the entities are related to each other or to Plaintiff does not impact the court's analysis.

The September 29, 2014 Amended Complaint ("Am. Compl.") alleges that the Government stole his tractor and trailer then later sold it to private parties. The Amended Complaint states:

> Pursuant to carrier is registered as a contract carrier engaging in transportation by motor vehicle in interstate or foreign commerce with U.S.C. § 13096 and 49 CFR 387, and 49 U.S.C. § 13905, operating rights to registration, § 13905(a) Person Holding ICC Authority (Interstate Commerce Commission Authority, Broker Tractor, and Trailer deprived by the United States from my rented parking space 9/1/2010, 108 Bodwell Street, Avon, MA. Rear, use state Massachusetts law perpetrate fraud upon the courts. 49 U.S.A. § 14706 et seq. preempted state federal motor carrier Safety Administration notice of Investigation June 19, 2014, private carriers subject to Interstate Commerce and foreign commerce laws.
>
> Relief: Recover tractor and trailer . . . White 1985 Dorsey . . . damages and loss of use tractor and trailer[] from defendants. Preliminary Injunction Rule 65(d)(2)(A) or (B) Recover properties.

Am. Compl.[3]

## II. PROCEDURAL HISTORY.

On July 7, 2014, Plaintiff and U Transport Corp. filed a Complaint in the United States Court of Federal Claims[4] against WMB Construction, Inc.; William Brandon, Jr.; and Kara L. Brandon. Compl. at 1. On August 27, 2014, the Government filed a Motion To Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims ("RCFC"). On September 19, 2014, the court issued an Order advising Plaintiff of procedural defects in the Complaint. On September 29, 2014, Plaintiff filed an Amended Complaint that listed only "United States" as a defendant in the caption.

On October 8, 2014, the Government filed a Renewed Motion To Dismiss ("Gov't Mot."). On October 20, 2014, Plaintiff filed a Response ("Pl. Resp."). On November 6, 2014, the Government filed a Reply.

---

[3] The court made some stylistic and grammatical alterations to Plaintiff's Amended Complaint for ease of reading.

[4] Plaintiff previously filed a related suit in the United States District Court for the District of Massachusetts. On July 23, 2013, that court dismissed that suit for lack of subject matter jurisdiction. *See Upshaw v. WMB Constr., Inc.*, No. 1:13-cv-11110-WGY, Docket No. 15 (D. Mass. 2013). On February 28, 2014, the United States Court of Appeals for the First Circuit affirmed the dismissal. *See Upshaw v. Brassard*, No. 13-1952 (1st Cir. 2014).

III.     DISCUSSION.

   A.     **Jurisdiction.**

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

   B.     **Standard Of Review For *Pro Se* Litigants.**

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

   C.     **Standards For Motion To Dismiss.**

       1.     **Under RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]"

3

*Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### 2. Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

### D. The Government's October 8, 2014 Renewed Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that the Amended Complaint fails to allege any causes of action against the United States, but asserts Massachusetts state law claims against both private individuals and a private corporation. Gov't Mot. at 4. The Government also argues that, to the extent that any of the claims are premised on tort liability against the United States, "these claims also must be dismissed. The jurisdiction exercised by this [c]ourt under the Tucker Act is expressly limited to claims 'not resounding in tort.'" Gov't Mot. at 5. Plaintiffs' tort claims against the United States must be filed in a federal district court.

The Government also contends that the court must dismiss any claims "premised on criminal conduct purely by private parties or in concert with the United States[.]" Gov't Mot. at 6.

In the alternative, the Government urges the court to dismiss the Amended Complaint under RCFC 12(b)(6), because the alleged "claims do not rise above a speculative level and provide no plausible claim upon which relief can be granted." Gov't Mot. at 6. Instead, the Amended Complaint "largely consists of incoherent passages alleging—in conclusory fashion—the theft of a truck that does not involve the United States filed in a court that possesses no jurisdiction to entertain such claims." Gov't Mot. at 6–7.

### 2. The Plaintiff's Response.

Plaintiff's October 20, 2014 Response fails to address the issues raised by the Government. Instead, it cites a list of statutes and denies various Government arguments.

### 3. The Court's Resolution.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). The court cannot simply excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

The September 29, 2014 Amended Complaint and October 20, 2014 Response to the Government's Motion To Dismiss are incomprehensible. The only reference to the United States in the September 29, 2014 Amended Complaint is in the caption—and only after the court directed Plaintiff to list the United States as Defendant. *See* September 19, 2014 Order. Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although nominally against the United States, none of the Amended Complaint's allegations implicates the federal government. *See* Am. Compl. Because Plaintiff made no "claim against the United States," the court does not have subject matter jurisdiction. *See Capelouto v. United States*, 99 Fed. Cl. 682, 688 (2011).

Even if the September 29, 2014 Amended Complaint were construed to allege claims against the United States, the court would still lack subject matter jurisdiction, because the allegation as to theft of Plaintiff's tractor and trailer is either a tort or crime. The court does not have jurisdiction over either cause of action. *See* 28 U.S.C. § 1491(a)(1) (granting jurisdiction for claims "not sounding in tort"); *see also Taylor v. United States*, No. 2014-5068, 2014 WL 5838611, at *2 (Fed. Cir. Nov. 12, 2014) ("The plain language of the Tucker Act excludes tort claims."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the United States Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").

Even if the court had subject matter jurisdiction, the September 29, 2014 Amended Complaint fails to state a claim upon which relief can be granted. *See* RCFC 12(b)(6). The United States Supreme Court has held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Amended Complaint does not allege sufficient facts to state a plausible claim. Even read in the light most favorable to Plaintiff, the allegations in the Amended Complaint do not satisfy *Iqbal*'s pleading standard. *See A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1157–58 (Fed. Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678) ("A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable.' If the plaintiff fails to include such

allegations in his complaint, it is deficient.") (citation omitted).  Plaintiff has failed "to include such allegations" and the Amended Complaint "is deficient." *Id.*

## IV.     CONCLUSION.

For these reasons, the Government's October 8, 2014 Renewed Motion to Dismiss is granted.  *See* RCFC 12(b)(1), 12(b)(6).  The Clerk is directed to dismiss the September 29, 2014 Amended Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**